# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDRE WELCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-CV-00265-NCC |
| | ) |
| BRIGETT AGNEW, RICKY COBB, | ) |
| PEMISCOT COUNTY, TERRY ATKINS, | ) |
| TOMMY GREENWELL, BRENDA | ) |
| AGNEW, LANCE STEWART, JOSH | ) |
| BOST, MICHAEL COLEMAN, BOBBY | ) |
| INGRAM, and MATT GREER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are various filings from plaintiff, including several pieces of correspondence that the Court will construe as supplements to the complaint, as well as plaintiff's motion to proceed in forma pauperis. Although the Court will grant plaintiff's motion to proceed in forma pauperis, it will require plaintiff to file an amended complaint on a court form.

### Procedural Background

Plaintiff, an inmate at the Pemiscot County Jail, was one of four plaintiffs who filed the original complaint in this action alleging violations of their civil rights. Because a plaintiff proceeding pro se cannot represent the rights of others, the Court ordered the complaint severed as to each individual plaintiff, and ordered that separate cases be filed for each plaintiff. In addition, the Court ordered each plaintiff to either pay the filing fee or move to proceed in forma pauperis. Plaintiff has moved to proceed in forma pauperis and filed several letters to the Court, which the Court construes as supplements to the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in the district court without prepaying fees or costs. In this filing, plaintiff states he has no income, savings, or other assets from which he could pay the filing fee. He writes to the Court that he wants to file this case free of charge. Taking this into account, the Court will not assess an initial partial filing fee at this time, but will instruct the institution having custody of plaintiff to begin collecting the filing fee each time plaintiff's prison account exceeds $10. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To

state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

## The Complaint

In plaintiff's original complaint, filed on November 1, 2018, the four plaintiffs alleged as their statement of claim:

> [R]efused grievances[,] refused to remove us from sleeping on floor[,] no phone contact[,] sleeping around urine and bowl usings [sic] [,] sleeping around mold[.] [I]t's all due to Aaron Welch's previous law suit cv-117-64-AGF[.] [They're] retaliating please help [they're] really on us[.] [S]end help if this letter goes out please God bless.

After the Court opened a new case for each of the four plaintiffs, plaintiff Andre Welch filed several letters. In an undated letter received by the Court on December 13, 2018, plaintiff states:

> ANYBODY AND EVERYBODY HAD ME AND MY FAMILY SLEEPING IN URINE CRUEL PUNISHMENTS AND BUGS SPIDERS RESTING IN THE COLD FLOORS NO BEDS FOR THE FOUR OF US SHOWER CURTAINS HAD MOLDS RESTING SLEEPING URINE MOLD ON SHOWER CURTAIN
> . . .
>
> WAS TREATED VERY VERY VERY DISRESPECTFUL EVEN THO[UGH] US FOUR KNEW WE [WERE] LOCKED UP WE UNDERSTOOD WE WAS IN JAIL.

-3-

Mr. Welch also alleges that another inmate, Craig Hill, was choked by correctional officer Lance Stewart.

For relief, plaintiff seeks a monetary settlement and release from the Pemiscot County Jail. *See* ECF No. 5.

## Discussion

The original complaint named as defendants the following individuals: Brigett Agnew, Ricky Cobb, Pemiscot County, Terry Atkins, Tommy Greenwell, Brenda Agnew, Lance Stewart, Josh Bost, Michael Coleman, Bobby Ingram, and Matt Greer. The only factual allegations against a specific defendant, however, are that defendants Brenda Agnew and Terry Atkins witnessed defendant Lance Stewart choke inmate Craig Hill. *See* ECF No. 1. The other defendants are not identified by their positions or duties within the jail, and no factual allegations pertain to them.

As an initial matter, Mr. Hill has been severed from this lawsuit and has his own lawsuit pending related to his allegations of excessive force and failure to protect. *See Hill v. Agnew, et al.*, No. 1:18-CV-266-JAR (E.D. Mo. filed Nov. 1, 2018). Plaintiff Andre Welsh cannot bring this claim on behalf of Mr. Hill. These allegations do not support any plausible claim for relief of Andre Welch against any defendants.

Because plaintiff's allegations are spread throughout the original complaint and several supplements, and are unconnected to any of the named defendants, it is difficult for the Court to review his assertions under 28 U.S.C. § 1915. The Court will provide plaintiff an opportunity to amend his allegations. Plaintiff will be required to file an amended complaint, on a court form, containing all of the allegations he wishes to bring against defendants. Plaintiff must

follow the Court's instructions relating to the filing of his amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff must clearly state the defendants he is pursuing allegations against, and he must articulate, for each of those defendants, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.[1] Plaintiff shall have twenty-one (21) days from the date of this Memorandum and Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original complaint and supplements, and claims that are not re-alleged are deemed abandoned. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within twenty-one (21) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 6]

**IT IS HEREBY ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $350 filing fee is paid in full.

---

[1] Plaintiff should be aware that jails are not normally suable entities. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Similarly, plaintiff should understand that liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a blank complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 24th day of January, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE